942 F.2d 1287
 138 L.R.R.M. (BNA) 2181, 60 USLW 2184,
119 Lab.Cas. P 10,894
 RYAN HEATING COMPANY, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Locals Union 2, International Union of Operating Engineers,
AFL-CIO, Intervenors-Respondents.
 No. 90-1372.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1990.
Decided Aug. 26, 1991.
 
 Ira M. Potter, St. Louis, Mo., for petitioner.
 Laurence S. Zakson, argued (Linda Dreeben, Jerry M. Hunter, Robert E. Allen and Aileen A. Armstrong, on brief), Washington, D.C., for respondent.
 Walter Kamiat, Washington, D.C., argued (Laurence Gold and Michael Fanning, Washington, D.C., and Barry J. Levine, St. Louis, Mo., on brief), for intervenor-respondent.
 Before LAY, Chief Judge, FAGG, Circuit Judge, and WRIGHT,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Ryan Heating Company (Ryan) appeals from an adverse decision and order of the National Labor Relations Board (the Board). The Board cross-petitions for enforcement of its decision and order. Although we affirm the underlying basis of the Board's decision, we deny enforcement of the Board's order in this case.
 
 
 2
 In May 1988 Locals Union No. 2, International Union of Operating Engineers (the union) sought a prehire collective bargaining agreement with Ryan under section 8(f) of the National Labor Relations Act (NLRA). 29 U.S.C. § 158(f) (1988). After ten of Ryan's employees went on strike and the union picketed Ryan's premises, Ryan verbally agreed to the union's terms. Ryan later refused to sign the agreement, and the parties never entered into a written agreement.
 
 
 3
 The union filed an unfair labor practices charge against Ryan, contending Ryan refused to bargain in good faith. See 29 U.S.C. § 158(a)(1), (5), (d). An administrative law judge (ALJ) found Ryan agreed to the union's terms because of the union's economic pressures. Relying on John Deklewa & Sons, 282 N.L.R.B. 1375 (1987), the ALJ dismissed the union's complaint, concluding section 8(f) prohibits striking and picketing to force employers to adopt prehire agreements. See id. at 1384-85, 1386. Following the ALJ's decision, however, the Board decided Laborers' International Union, Local 1184 (NVE Constructors ), which rejected the portion of Deklewa relied on by the ALJ. 296 NLRB No. 165, 1989-1990 NLRB Dec. (CCH) p 15,782, at 29,768-69 (Oct. 17, 1989).
 
 
 4
 On review of the ALJ's decision, the Board applied NVE Constructors retroactively to this case, holding Ryan committed an unfair labor practice when it refused to sign the agreement. Ryan appeals the Board's order, contending section 8(f) prohibits construction industry employees and their labor organizations from striking and picketing to force employers into prehire agreements. Alternatively, Ryan asserts NVE Constructors should not be applied retroactively in this case. The Board urges deference to its interpretation of section 8(f) and asks us to enforce its order.
 
 
 5
 Ryan contends the Board's interpretation of section 8(f) in NVE Constructors is incorrect and should not be affirmed. The Ninth Circuit, however, recently denied a petition for review of NVE Constructors, concluding the Board's interpretation of section 8(f) is rational and consistent with the NLRA. NVE Constructors, Inc. v. NLRB, 934 F.2d 1084 (9th Cir.1991). Ryan's arguments have been answered by the Ninth Circuit's opinion, which we find persuasive. We thus join the Ninth Circuit in affirming the Board's interpretation of section 8(f).
 
 
 6
 Ryan argues that we should nonetheless refuse to enforce the Board's order because applying NVE Constructors retroactively in this case would be manifestly unjust. In response, the Board argues we cannot consider Ryan's retroactivity argument because Ryan did not raise the issue before the Board as section 10(e) of the NLRA requires. 29 U.S.C. § 160(e). Contrary to the Board's argument, however, section 10(e) does not preclude us from considering retroactivity issues raised for the first time on appeal. Oil, Chem. & Atomic Workers Int'l Union, Local 1-547 v. NLRB, 842 F.2d 1141, 1144 n. 2 (9th Cir.1988); NLRB v. Wayne Transp., 776 F.2d 745, 748-50 (7th Cir.1985); Local 900, Int'l Union of Elec. Workers v. NLRB, 727 F.2d 1184, 1190-94 (D.C.Cir.1984). The primary purpose of section 10(e) is to ensure the Board has notice of issues within its jurisdiction so it can address those issues before appeal to the courts. See Local 900, 727 F.2d at 1191. In light of Ryan's reliance on Deklewa before the ALJ and the Board, "it is inconceivable that the Board did not understand [Ryan would] object[ ] on retroactivity grounds and ... would raise the issue on appeal. Retroactivity is necessarily an issue any time adjudication results in a new rule of law." Id. at 1193-94. Hence, we will consider the merits of Ryan's retroactivity argument.
 
 
 7
 In this circuit, we defer to the Board's conclusion to apply a decisional rule retroactively unless the result would be manifestly unjust. NLRB v. W.L. Miller Co., 871 F.2d 745, 748 & n. 2 (8th Cir.1989). To determine whether retroactive application of a Board decision in a given case would be manifestly unjust, we have considered several factors: (1) whether the losing party relied on established Board policy when choosing the course of conduct that led to the unfair labor practices charge; (2) whether the Board abruptly changed that policy without clearly
 
 
 8
 foreshadowing its intent to do so; and (3) the severity of the penalty imposed on the losing party. See id. at 749; Drug Package, Inc. v. NLRB, 570 F.2d 1340, 1346-47 (8th Cir.1978); NLRB v. International Bhd. of Teamsters, Local 41, 225 F.2d 343, 348 (8th Cir.1955). Other circuits employ similar combinations of factors when considering this issue. See, e.g., Fox Painting Co. v. NLRB, 919 F.2d 53, 56 (6th Cir.1990); Ewing v. NLRB, 861 F.2d 353, 362 (2d Cir.1988); Oil, Chem. & Atomic Workers Int'l Union, Local 1-547 v. NLRB, 842 F.2d 1141, 1145 (9th Cir.1988); E.L. Wiegand Div. v. NLRB, 650 F.2d 463, 471 & n. 5 (3d Cir.1981), cert. denied, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982); Retail Wholesale & Dep't Store Union v. NLRB, 466 F.2d 380, 390 (D.C.Cir.1972). Because we believe retroactive application of NVE Constructors in this case would be manifestly unjust, we decline to enforce the Board's order.
 
 
 9
 The Board does not dispute the ALJ's finding that Ryan verbally agreed to enter into the prehire agreement because of the union's strike and picketing activities. Rather, the Board contends Ryan could not reasonably rely on Deklewa when declining to sign the written agreement offered by the union. We disagree. In Deklewa, the Board made clear that a "[u]nion is not entitled to engage in any coercive conduct, including strikes and picketing, to force [an employer] to execute a [prehire] agreement." 282 N.L.R.B. at 1389; see also id. at 1386 ("employer[s] will be free, at all times, from any coercive union efforts, including strikes and picketing, to compel the negotiation and/or adoption of a successor [prehire] agreement"). In our view, the Board's statements in Deklewa strongly supported Ryan's refusal to sign and abide by the prehire agreement thrust on it by the union's strike and picketing activities.
 
 
 10
 We also believe the Board's decision in NVE Constructors abruptly pulled the rug out from under Ryan. Less than two years after deciding Deklewa, the Board reversed itself in NVE Constructors, observing "that the[ ] statements [in Deklewa ] are inaccurate." NVE Constructors, 1989-1990 NLRB Dec. (CCH) p 15,782, at 29,769. The Board then held that a section 8(f) prehire agreement, like any other collective bargaining agreement, may be secured through lawful economic pressures by the union. Id. The stark contrast between the Board's holding in NVE Constructors and its statements in Deklewa convinces us Ryan could not have foreseen this change in the law and Ryan's reliance on Deklewa was not misplaced. As we have said in the past, the essential demands of fairness require that parties like Ryan--who rely on the Board's rulings when conducting their affairs--not "be left subject to entrapment and branding as the perpetrator of an unfair labor practice" merely because the Board later departs from its earlier position. International Bhd. of Teamsters, 225 F.2d at 348.
 
 
 11
 The retroactive application of NVE Constructors in this case is not only unfair in principle, it results in a severe detrimental impact on Ryan. The Board's order is far reaching. Aside from the stigma attached with having committed an unfair labor practice against its employees, the Board's order exposes Ryan to significant financial obligations with dubious corresponding benefit to Ryan's past or present employees. Under the order's terms, Ryan must abide by the parties' verbal agreement; make employees whole for any losses they suffered because of Ryan's refusal to enter into the prehire agreement; produce payroll, social security, personnel, and other records to the Board for calculation of any backpay owed; and presumably make retroactive contributions to health and pension funds from the date of the verbal agreement, even though Ryan has already provided these benefits to its employees. Given that both the crucial actions by the parties and the hearing before the ALJ occurred before the Board's decision in NVE Constructors, we believe the Board's order would serve only to punish Ryan for reasonably relying on Deklewa as authority that it was not required to sign the prehire agreement. See Mesa Verde Constr. Co. v. Northern Cal. Dist. Council of Laborers, 895 F.2d 516, 519 (9th Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 209, 112 L.Ed.2d 169 (1990). "It would be fair to assume that [Ryan], had it known of the possibility of these penalties, might have given [its verbal agreement to] the [u]nion's [terms] greater consideration.... [H]owever, [Ryan] had no way of knowing that the Board would soon change its approach to [this] issue[ ]." Drug Package, Inc. v. NLRB, 570 F.2d at 1347.
 
 
 12
 Accordingly, we uphold the Board's interpretation of section 8(f), but decline to enforce the Board's order in this case.
 
 
 13
 Enforcement denied.
 
 
 14
 LAY, Chief Judge, concurring in part and dissenting in part.
 
 
 15
 I respectfully dissent. We should fully enforce the Board's order in this case. The Board's usual practice is to apply new policies and standards to all pending cases regardless of the stage of litigation. John Deklewa & Sons, 124 L.R.R.M. (BNA) 1185, 1198 (1987), enforced sub nom. International Ass'n of Bridge, Structural & Ornamental Iron Workers Local 3 v. NLRB, 843 F.2d 770, 780-81 (3d Cir.), cert. denied, 488 U.S. 889, 109 S.Ct. 222, 102 L.Ed.2d 213 (1988). The ill effects of retroactivity must be balanced against the " 'mischief of producing a result which is contrary to a statutory design or to legal and equitable principles.' " Id. (quoting SEC v. Chenery Corp., 332 U.S. 194, 203, 67 S.Ct. 1575, 1581, 91 L.Ed. 1995 (1947)).
 
 
 16
 Today's decision runs counter to a long line of Supreme Court decisions as well as decisions of this court. The Supreme Court has stated that the Board has the "primary responsibility and broad discretion to devise remedies that effectuate the policies of the Act, subject only to limited judicial review." Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 898-99, 104 S.Ct. 2803, 2812-13, 81 L.Ed.2d 732 (1984). " 'Because the relation of remedy to policy is peculiarly a matter for administrative competence, courts must not enter the allowable area of the Board's discretion and must guard against the danger of sliding unconsciously from the narrow confines of law into the more spacious domain of policy.' " Id. at 899, 104 S.Ct. at 2812 (quoting Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271 (1941)). The minimum requirement for the Board's remedy is that it be tailored to the unfair labor practice it is intended to redress. Id. at 900, 104 S.Ct. at 2813. In NLRB v. Regal Aluminum, Inc., 436 F.2d 525, 529 (8th Cir.1971), we stated that the "Board draws on a fund of knowledge and expertise all its own, and its choice of remedy must therefore be given special respect by reviewing courts.... '[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.' " Id. at 529 (quoting NLRB v. Gissel Packing Co., 395 U.S. 575, 612 n. 32, 89 S.Ct. 1918, 1939 n. 32, 23 L.Ed.2d 547 (1969)). We must defer to a Board rule even if it is a departure from the prior policy of the Board. NLRB v. Curtin Matheson Scientific, Inc., 494 U.S. 775, ----, 110 S.Ct. 1542, 1549, 108 L.Ed.2d 801 (1990). The sole exception to deference to the Board occurs only if the result would be manifestly unjust. NLRB v. W.L. Miller Co., 871 F.2d 745, 748 (8th Cir.1989). To determine if the result is manifestly unjust, we must weigh (1) the parties' reliance on preexisting law, (2) the effect of retroactivity on accomplishing the purpose of the law, and (3) any injustice arising from retroactive application. Fox Painting Co. v. NLRB, 919 F.2d 53, 56 (6th Cir.1990); Drug Package, Inc. v. NLRB, 570 F.2d 1340, 1346-47 & nn. 5 & 6 (8th Cir.1978).
 
 
 17
 The majority argues that it would be unfair to apply Laborers Local Union No. 1184, 132 L.R.R.M. (BNA) 1273 (1989), enforced sub nom. NVE Constructors, Inc. v. NLRB, 934 F.2d 1084 (9th Cir.1991), retroactively because Ryan relied on Deklewa. Maj.Op. at 1289-1290. The majority reasons that if we applied NVE Constructors retroactively Ryan would suffer significant financial obligations without benefiting its employees. Id. at 1290.
 
 
 18
 The Board's decision in Deklewa was applied retroactively, and the Board stated that any additional burden imposed on the employer was only for the duration of the contract involved. Deklewa, 124 L.R.R.M. (BNA) at 1198. The Supreme Court has found that an agency's interpretation is still entitled to deference even if it represents a sharp break with prior interpretations. Rust v. Sullivan, --- U.S. ----, ----, 111 S.Ct. 1759, 1769, 114 L.Ed.2d 233 (1991). The Court stated that "a revised interpretation deserves deference because '[a]n initial agency interpretation is not instantly carved in stone' and 'the agency, to engage in informed rulemaking, must consider varying interpretations and the wisdom of its policy on a continuing basis.' " Id. (quoting Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 863-64, 104 S.Ct. 2778, 2791-92, 81 L.Ed.2d 694 (1984)).
 
 
 19
 The Board's decision in NVE Constructors should be applied retroactively in this case because (1) parties should be held to contracts to which they voluntarily enter, (2) it would better serve the fundamental statutory policies of employee free choice and labor relations stability, and (3) it would save administrative and judicial resources in attempting to apply arcane current law to all pending section 8(f) cases. See Deklewa, 124 L.R.R.M. (BNA) at 1198.
 
 
 20
 No manifest injustice arises from enforcing the board's order. The policies behind section 8(f) will be served because the employees wanted a union and they can have an election any time during the contract term. The statement in Deklewa was dicta and Ryan did not rely on Deklewa because it failed to file a charge with the Board alleging unlawful picketing by its employees. The majority's analysis of the severe detrimental impact the order will have on Ryan is entirely fictional. Nothing in the record states how much Ryan will have to pay. Although Ryan will have to make contributions to its pension funds, it will only be for the duration of the contract. Applying NVE Constructors retroactively falls far short of meeting a manifest injustice standard. For these reasons, I dissent.
 
 
 
 *
 The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, sitting by designation